UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELISE M. P.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00261-JPH-MJD |
| | ) | |
| KILOLO KIJAKAZI Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |

**ORDER**

Plaintiff has filed a motion for $11,040.35 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Dkt. [15].  The Commissioner responds that the request is excessive and proposes an award of $8,763.69.  Dkt. 17 at 1, 9.

To be entitled to attorney fees under the EAJA, a plaintiff "must show that (1) she was a prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances existed that would make an award unjust; and (4) she filed a timely and complete application for fees." *Tchemkou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008) (citing 28 U.S.C. § 2412(d)(1)(A)–(B)).  In determining the amount to be awarded, courts "must exclude hours that were not reasonably expended and may reduce the amount of the award accordingly."  *Id.* at 510 (citations omitted).

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

Here, the Commissioner does not dispute that Plaintiff is entitled to fees or that Plaintiff's attorney expended the hours claimed.  Dkt. 17 at 2–9.  The Commissioner instead argues that not all 47.9 attorney hours were "reasonably" expended and "proposes a ten-hour reduction in attorney time," yielding total fees of $8,763.69.  *Id.* at 9.

The Commissioner argues that Plaintiff's attorney spent an inordinate amount of time writing and editing the briefs in this case, despite having extensive experience litigating social security cases like this one.  Dkt. 17 at 6–8.  This is because Plaintiff's counsel raises similar "routine" arguments in other social security cases like this one.  Dkt. 17 at 6–8.  But the Commissioner fails to identify which of these routine arguments were unnecessary or underdeveloped, especially given Plaintiff's success in this case.  Similarly, the Commissioner contends that plaintiff counsel's "shotgun" approach to handling these types of cases leads to extra hours and thus larger attorney fees.  *Id.* at 7.  But again, the Commissioner fails to identify any extraneous arguments presented by Plaintiff in this case.  *Id.* at 7.

Plaintiff's counsel spent 34.4 hours preparing the opening brief and 15.4 hours preparing the reply brief.  Dkt. 15-2 at 1–2.  Plaintiff argues this time is reasonable given the factual and legal complexity of the matter and the 397-page transcript.  Dkt. 16 at 8–10; *see Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 445659 at *2 (N.D. Ind. August 23, 2016) (noting a 400-page administrative record "is not short").  Moreover, counsel for this appeal did not represent Plaintiff at the administrative level and needed to familiarize herself with the

2

record.  *Id.* at 9–10 (citing *Seefeldt v. Colvin*, No. 14-cv-320, 2016 WL 5793683 (E.D. Wis. Sept. 30, 2016).

Counsel's hours were reasonable here and akin to those in other cases in this circuit.  *See Copeland v. Astrue*, No. 2:11-cv-363, 2012 WL 4959482 at *2 (N.D. Ind. Oct. 17, 2012) (finding the "permissible range" of billable time in social security cases in the Seventh Circuit to be 40-60 hours); *Monk*, 2016 WL 445659 at *2 (compiling cases awarding fees in the 40-70 hour range); *Evans v. Berryhill*, No. 1:17-cv-54, 2018 WL 1581790 at *3. (N.D. Ind. Apr. 2, 2018) (compiling additional cases).

The Commissioner also argues that Plaintiff's hours itemization is impermissibly vague and lack any indication time was "spent gathering and drafting the facts."  Dkt. 17 at 5.

Plaintiff counsel's entries are sufficiently detailed.  The itemization is broken down into blocks of 10.5 hours or fewer, instead of aggregated in a single entry.  *Cf. Julie A. v. Saul*, 1:19-cv-650-JMS-DML (S.D. Ind. Oct. 31, 2019), dkt. 22 at 6 (reducing fees in part because 68.5 hours were in "one combined entry," so it was "impossible to determine" how much of that time was spent for different purposes).

The Commissioner cites *Julie A.*, where the court reduced counsel's hours from 77.5 to 51.1 hours, to support their vagueness argument.  *Id.* at 8. That case reduced Plaintiff's hours for two reasons, neither of which is relevant here. First, an "excessive" 68.5 hours in that case were billed for Plaintiff's initial brief; here fewer 32.5 hours were spent on the initial brief. *Id.*  Second,

the entries in *Julie A.* lacked specificity—they were in large blocks that made it difficult to discern what tasks were being worked on when.  Here, counsel has 26 entries split between two attorneys and a paralegal.

The entries themselves are sufficiently detailed. They discuss the materials reviewed and the portion of the draft written during that time.  For example, the longest time entry of 10.5 hours says, "Conduct research in support of arguments for initial brief, draft arguments for initial brief, finalize and submit to senior attorney."  That is because in cases like these "one would expect that virtually all of a lawyer's time would be spent on briefing."  *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 864 (E.D. Wis. Oct. 1, 2018).  That said, specifying the hours spent on each issue may be helpful in justifying a fee award, and is encouraged in cases like these.  *See Trump v. Colvin*, No. 12 C 6194, 2015 WL 970111 at *5 (N.D. Ill. Mar. 2, 2015).  Still, the haziest time entry—"Research and prepare Plaintiff's reply brief" (6.2 hours)—is "not so vague as to warrant . . . exclusion," *Martin v. Saul*, 1:17-cv-366-RLY-DML, dkt. 35 at 3 (acknowledging simple time entries "could have been more specific" but were adequate because they "explain[ed] the billable task—time spent reviewing client materials and writing appellate briefs").

In short, counsel obtained a positive result for their client by crafting thorough briefs.  The Commissioner has not shown that any of their time was unreasonably spent.  Plaintiff is therefore entitled to the requested fees.  *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee.").

The Court therefore **GRANTS** Plaintiff's motion for attorney fees and awards $11,040.35 under the EAJA.  Any fees paid belong to Plaintiff and not her attorneys and can be offset to satisfy any pre-existing debt that the litigant owes the United States.  *Astrue v. Ratliff*, 560 U.S. 586 (2010).

**SO ORDERED.**

Date: 9/27/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

5